# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David McDaniel,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-1033** (Jackson County 16-C-75)

**Constellium Rolled Products**
**Ravenswood, LLC and**
**Marc Chiles, individually,**
**Defendants Below, Respondents**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David McDaniel, by counsel Roger Lambert, appeals the order of the Circuit Court of Jackson County, entered on October 27, 2017, granting respondents' motion for summary judgment on petitioner's age discrimination claim. Respondents Constellium Rolled Products Ravenswood, LLC ("Constellium") and Marc Chiles ("Mr. Chiles") appear by counsel Christopher L. Slaughter and Max Corley.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Jackson County in September of 2016, setting forth a single count of age discrimination under the West Virginia Human Rights Act, based on his assertion that respondent hired a person "substantially younger" than he for a mechanic position. At the time the complaint was filed, petitioner was fifty-three years old.

Discovery conducted in this matter shows that petitioner, a former employee of Century Aluminum (a now-defunct organization that performed similar work to that of Constellium), began Constellium's application process in early 2016. He first completed a written test, and then was interviewed by Mr. Chiles, Constellium's garage supervisor. Mr. Chiles testified in his deposition that he asked the human resources department to schedule petitioner to take a welding test, and it did. Petitioner passed the welding test.

Several days after passing the welding test, petitioner contacted Ronette Evans in Constellium's human resources department to inquire when he would enter the third and final phase of the evaluation process. Ms. Evans testified that petitioner was "pushy" and that after the telephone conversation concluded she was "agitated" because petitioner suggested that he should

1

receive preferential hiring treatment based on his history with Century Aluminum. Ms. Evans testified that she turned to a co-worker and asked, "Can you believe this guy just calls me and says, 'Well, I worked at Century. . . .'?" Ms. Evans testified that, following that conversation, she noted on her spreadsheet of job candidates, "Don't want. Attitude not good. Not highest candidate."

Ms. Evans testified that she related her conversation with petitioner to a general foreman, Tom Boothe, who in turn related the conversation to another shop supervisor, Jim McDaniel, a former Century Aluminum employee who is not related to petitioner. Mr. McDaniel testified that he told Mr. Boothe that petitioner was "a guy we had trouble with" at Century and that he "would not be the best candidate." Mr. Boothe testified that he then made the decision not to hire petitioner. Constellium subsequently hired two garage mechanics: one who was 47 years old and one (hired in an entry-level position) who was 20 years old. Each had less experience than petitioner. Neither had passed the welding test. Each of the Constellium employees involved in this chain of events testified that they were not aware of petitioner's age, and Mr. Chiles testified that he had no input in the hiring decision. A Constellium employee testified that after the hiring decision was made, he heard Mr. Chiles say, "You need to hire younger people so we won't have to go through this in a few years."

Respondent filed its motion for summary judgment, and petitioner opposed it. The circuit court granted the motion for summary judgment by order entered on October 27, 2017. The circuit court found that petitioner failed to make a prima facie case of age discrimination. It further found that respondents offered a legitimate, non-discriminatory reason for choosing not to hire petitioner, and that petitioner failed to show that respondents' stated reasons were pretextual.

On appeal, petitioner asserts a single assignment of error: that the circuit court invaded the province of the jury and decided issues of material fact concerning Mr. Chiles's involvement in the hiring process. Because this assignment of error is set forth in relation to the circuit court's denial of summary judgment, our review is de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

We find no error in the circuit court's grant of summary judgment, and agree that petitioner failed to make a prima facie case of discrimination as required by syllabus point 4 of *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 166, 358 S.E.2d 423, 425 (1986):

> "In an action to redress unlawful discriminatory practices in employment and access to 'place[s] of public accommodations' under The West Virginia Human Rights Act, as amended, *W.Va. Code, 5–11–1 et seq.*, the burden is upon the complainant to prove by a preponderance of the evidence a prima facie case of discrimination. . . . If the complainant is successful in creating this rebuttable presumption of discrimination, the burden then shifts to the respondent to offer some legitimate and nondiscriminatory reason for the rejection. Should the respondent succeed in rebutting the presumption of discrimination, then the complainant has the opportunity to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful

2

discrimination." Syl. pt. 3, in part, *Shepherdstown VFD v. W.Va. Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

As the circuit court explained:

> Construing the facts in the light most favorable to [petitioner], assuming [Mr.] Chiles's after-the-fact statement was in fact made, the statement is not a sufficient factual issue to preclude summary judgment in this case because it is immaterial—taken on its own, the statement lacks the capacity to sway the outcome of the litigation under the applicable law. . . . Even if [Mr.] Chiles made the statement, there is no evidence in the record to sufficiently connect the statement or [petitioner's age] to [Mr.] Boothe's decision not to hire [petitioner].

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Paul T. Farrell sitting by temporary assignment


Workman, Chief Justice, dissenting and writing separately:

I respectfully dissent to the majority's decision to affirm the circuit court's grant of summary judgment in favor of respondents Constellium Rolled Products Ravenswood, LLC ("Constellium") and Marc Chiles ("Mr. Chiles") in a case involving petitioner David McDaniel's claim of age discrimination in the workplace. Resolution of this matter clearly involves material facts that are in dispute.

The focus of petitioner's appeal was very pointed – he applied for a job at Constellium as a garage mechanic, but was not hired. Petitioner was fifty-three years old at the time. Constellium ultimately hired two garage mechanics: one who was forty-seven years old and one who was twenty years old. There was evidence that the Garage Foreman Mr. Chiles later remarked to another employee that petitioner was not hired because he was too old. But the circuit court found, as a matter of law, that Mr. Chiles' superior, Tom Boothe, alone made the decision to not hire petitioner for a legitimate, nondiscriminatory reason and without any

3

influence from Mr. Chiles.

> This Court has long held that
> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2*, Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Instead of following our precedent for when summary judgments are appropriate, this Court has upheld the grant of summary judgment where the evidence unequivocally indicated that Mr. Chiles did have a part in the decision not to hire petitioner. Specifically, Constellium's hiring notes reflected that Mr. Chiles wrote that petitioner did not have enough experience and that he did not want to interview petitioner; Mr. Chiles sent e-mails to Ronette Evans in Constellium's human resources department, which indicated that both Mr. Chiles and Mr. Boothe were interested in a candidate for the job; and petitioner testified that he was contacted by the president of the local steelworkers' union, who told petitioner that an employee overheard Mr. Chiles say that petitioner was "too old" for the job.

The evidence before the circuit court undeniably presented material facts that should have been resolved by a jury. I therefore respectfully dissent.

4